### Ex parte A. DINIACO & BROS. et al.*
### (6 Div. 479.)

(Supreme Court of Alabama. May 11, 1922. Rehearing Denied June 30, 1922.)

**1. Master and servant ⬤▭412—Certiorari to review compensation award, limited to errors on record.**

On a petition for a common-law writ of certiorari to review a circuit court judgment awarding compensation under the Workmen's Compensation Act, only those errors which are apparent on the record can be reviewed.

**2. Master and servant ⬤▭385(11)—Limitation of compensation for concurrent injuries applies to overlapping disabilities.**

The limitation on the amount of compensation in case of concurrent injuries as declared by Workmen's Compensation Act, § 13, subd. (c), providing for permanent partial disability, applies to overlapping disabilities, and not·to cumulative disabilities, which are distinct in their nature and aggravative in their operation and effect.

**3. Master and servant ⬤▭385(11)—Compensation for loss of 20 per cent.·of use of arm and leg stated.**

Under Workmen's Compensation Act, § 13, subds. (c)–(e), fixing the compensation for the loss of one arm and one leg at 50 per cent. of the average weekly earnings during 400 weeks, and providing that compensation for permanent partial loss of the use of a member shall be in proportion to the compensation for total loss, where employé suffered a loss of 20 per cent. of·the use of an arm and 20 per cent. of the use of a leg, he was entitled to receive 50 per cent. of his average weekly wages for 80 weeks.

#### On Rehearing.

**4. Master and servant ⬤▭385(11)—Compensation allowable for concurrent disabilities.**

When a permanent partial disability is concurrent with a temporary total disability, the number of compensation weeks allowed for·the latter must be deducted from the number of compensation weeks allowed for the former, as double compensation for the same period is not allowable.

Certiorari to Circuit Court, Jefferson County; Dan A. Greene, Judge.

Oscar Nelson recovered judgment against A. Diniaco & Bros. and the United States Fidelity & Guaranty Company in a proceeding under the Workmen's Compensation Act, to review which judgment, defendants bring this petition for the writ of certiorari. Reversed and remanded.

Smith & Morrow,· of Birmingham, for petitioners.

The court erred in adding the per centum of disability of loss of the use of a leg and the per centum of disability of loss of the use of an arm,-thus awarding plaintiff compensation on the basis of 40 per centum permanent partial loss of the use of a leg and an arm, instead of 20 per centum permanent partial loss thereof. Acts 1919, p. 213, § 13 (C).

George P. Bondurant, of Birmingham, opposed.

The trial judge correctly adjudged the plaintiff to be entitled to 20 per centum total disability on account of the arm and 20 per centum disability on account of the leg, making a total permanent disability of 40 per cent. Plaintiff was entitled to 40 per centum of 400 weeks.

SOMERVILLE, J. [1] This is a petition for the common-law writ of certiorari to review a judgment of the circuit court awarding compensation under the Workmen's Compensation Act (Gen. Acts 1919, pp. 206–239), and only those errors can be re-viewed which are apparent upon the record. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803.

Subdivision (c) of section 13 of the act contains the following provisions:

"For permanent partial disability the compensation shall be based upon the extent of such disability. * *. * For the loss of an· arm, fifty per centum of the average weekly earnings during two hundred (200) weeks. * * * For the loss of a leg fifty per centum of the average weekly earnings during one hundred and seventy-five (175) weeks. * * * For the loss of one arm and one leg, fifty per centum of the average weekly earnings during four hundred (400) weeks."

[2] It is further provided that—

"Where an employee sustains concurrent injuries resulting in concurrent disabilities, he shall receive compensation only for the injury which produced the longest disability, but this section shall not affect liability for the concurrent loss of more than one member, for which member compensation is provided in the specific schedule in subsection (d) below."

Subsection (d) provides for total permanent disability, which, *as to members,* is defined in subsection (e), following, as:

"The total and permanent loss of * * * both eyes or the loss of both arms at the shoulder, or complete and permanent paralysis. * * *"

It is further provided that—

"In cases of permanent disability due to injury to a member resulting in less than total loss of use of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of the injury to the member bears to its total loss."

---

⬤▭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Appeal dismissed 208 Ala. —-, 93 South. 921.

It is clear, we think, that the limitation in case of "concurrent injuries," as declared by the statute, has application only to distinct injuries resulting in *total* disability, or in the *identical partial* disability in greater and less degree. It was, in short, intended to apply to *overlapping* disabilities, and not to cumulative disabilities which are distinct in their nature and aggravative in their operation and effect. This is made unmistakably clear by the numerous specifications of permanent partial disability resulting from the concurrent loss of two separate members, for which the conjoint compensation exceeds the sum of the compensations provided for their separate loss. That provision of the statute must therefore be disregarded in this case.

[3] The real question presented by the record arises upon the proper construction of the provision, quoted above, which compensates for the permanent partial loss of the use of a member in proportion to the compensation allowed for its total loss.

While this provision in terms relates only to the partial loss of a *single* member, it was unquestionably intended to apply also to the conjoint losses specified in the schedule, in the same proportion. The clause which limits the application of the partial loss provision to losses "not otherwise compensated in this schedule" evidently excludes only such partial losses of arm or hand, and leg or foot, as are specifically scheduled and compensated, as, for example, fingers and toes, or phalanges of either.

In the case of conjoint injuries to two members at the same time, some difficulty may arise in the application of the partial loss provision in cases where the injury produces a partial loss of each of the two members in different percentages or proportions; as, for example, a 20 per cent. loss of an arm and a 10 per cent. loss of a leg, the conjoint compensation for their total loss being for a period of 400 weeks, while the loss of the arm alone would be compensated by a period of 200 weeks, and the loss of the leg alone by a period of 175 weeks.

However, that difficulty does not arise in this case, and we need not now undertake its solution, since the percentage of loss of the arm and of the leg, respectively, is found to be 20 per cent. in each case; and hence the injured employee is entitled to receive one-half of his average weekly earnings for a period which is 20 per cent. of 400 weeks —i. e., 80 weeks.

The trial court was in error in determining the period on the basis of 40 per cent. of 400 weeks—manifestly so, because that would be in *double* the proportion of the loss. The court overlooked the fact that the schedule itself, in its specification for conjoint compensation, has aggregated the periods for separate compensation, and added 25 weeks more; and that to also aggregate the percentages of separate losses, and apply the sum of those percentages to the aggregated periods of compensation, would produce a result wholly at variance with the language and intention of the statute.

A very simple illustration will suffice to show the vice of that theory. If, for instance, the partial loss of each of the members—arm and leg—amounted to 50 per cent., the compensation would be for 100 per cent. of 400 weeks, or exactly the same as if the loss of each member were total—a result which cannot in reason have been intended.

The judgment of the trial court will be reversed, and the cause remanded, with directions to enter a new judgment on the basis herein prescribed.

Reversed and remanded, with directions.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

### On Rehearing.

SOMERVILLE, J. A reconsideration of the foregoing opinion confirms us in the conclusions therein expressed.

Since the judgment below must be recast, we deem it proper to consider now another feature which is necessarily involved in the award, and which must often recur in the administration of the law.

[4] It is the theory of counsel for appellant—the plaintiff herein—that where an award is made for a *total temporary* disability, and also for a permanent partial disability (in this case 32 weeks for the former, and 80 weeks for the latter), the two periods do not overlap, but the second period begins only upon the termination of the first, and that the total period for both compensations in this case would therefore be 112 weeks.

This is not our view of the meaning and effect of the statute, which very clearly does not contemplate double compensation for one and the same period. On the contrary, whenever a permanent partial disability is concurrent with a temporary total disability, the number of weeks allowed for the latter, if less, must be deducted from the number of weeks allowed for the former.

In the instant case, therefore, the two disabilities being concurrent. the allowance of 32 weeks for temporary total disability should be deducted from the allowance of 80 weeks for permanent partial disability, thereby reducing the allowance for the latter to 48 weeks; the result being that the injured employee is compensated for 32 weeks at the higher rate, and for 48 weeks at the lower.

The trial court will proceed in accordance with the rules above declared.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.