## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## DECEMBER TERM, 1922.

CASEY-HEDGES CO. *v.* OLLIE LYNCH.*

(*Nashville.* December Term, 1922.)

1. **MASTER AND SERVANT.** Compensation allowable for permanent partial loss of use of leg.

   Where an employee sustained a compound fracture of the thigh, losing eighty per cent. of the total use of the leg, compensation under Workmen's Compensation Act, section 28, was to be determined under subsection C as for a permanent partial disability due to injury to a member, resulting in less than total loss of use, to be paid out at not exceeding a maximum of $11 a week for a period of time equal to eighty per cent. of one hundred and seventy-five weeks, which was the term specified for total loss of the use of the leg. (*Post, p.* 177.)

   Acts cited and construed: Acts 1919, ch. 123.

2. **MASTER AND SERVANT.** Method of computation of compensation for permanent partial loss of use of leg stated.

---

*On the question as to the amount recoverable by a workman who is totally or partially incapacitated, see notes in L. R. A. 1916A, 136 and 1917D, 167.

Casey-Hedges Co. v. Lynch.

In determining the amount of compensation to be paid under Workmen's Compensation Act, section 28, subsec. C, for partial permanent loss of use of a leg amounting to eighty per cent. of total loss, the ratio is not to be figured on the weekly wage and the maximum of $11 applied thereto, but compensation must be calculated by applying the maximum rate to that part of the time fixed in the schedule for the total loss of the member which the extent of the injury bears to its total loss. (*Post, pp.* 177-179.)

## FROM HAMILTON.

Error to the Circuit Court of Hamilton County.—HON. OSCAR YARNELL, Judge.

SIZER, CHAMBLISS & CHAMBLISS, for plaintiff in error.

W. F. McGAUGHEY, for defendant in error.

MR. L. D. SMITH, Special Justice, delivered the opinion of the Court.

This is an action by an injured employee to recover of his employer compensation for an injury sustained by him while in the course of his employment, and is based upon the provisions of the workmen's compensation statute (chapter 123, Acts 1919). The sole question presented is as to the amount of compensation to which the employee is entitled.

The evidence shows that the employee sustained a compound fracture of the thigh, as the result of which he lost the partial use of the injured limb, and the evidence fully justifies the finding of the trial judge that as the result of his injury the employee is now permanently and partially disabled. The trial judge was apparently of the opinion that this permanent partial disability was one not specifically enumerated in the Workmen's Compensation Act, but

one covered by the last paragraph of subsection C, section 28, which provides:

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition, subject to a maximum of eleven ($11) dollars per week. Compensation shall continue during disability, not, however, beyond three hundred (300) weeks."

At any rate, the employee was given a judgment for compensation at the rate of $11 per week for three hundred weeks, unless the employer should in the meantime show the disability had been removed or modified.

We are unable to concur in the judgment rendered in this case. Section 28 of the act undertakes to make provision for the amount of compensation to which all injured employees are entitled. It provides that "the following is the schedule of compensation to be allowed employees under the provisions of this act," and it proceeds to fix the compensation according to the nature and extent of the injury. There are six separate schedules which deal with injuries differing in nature and extent. Subsection A deals with injuries producing temporary total disability; B with temporary partial disability; C with permanent partial disability; D and E with permanent total disability; and F with injuries resulting in death.

The injury to the employee in this case was not one of death, permanent total disability, temporary partial disability, nor temporary total disability. His injury was limited to one limb of his body, to-wit, his leg. There was evidence from which it might be inferred that his injury was

only temporary, but we are bound by the conclusion of the trial judge to the effect that his injury was partial only and permanent. We must therefore look to the provisions of section C in order to determine what compensation the employee here is entitled to. If the particular injury be not covered by any of those enumerated in subsection C, then the last clause of that section would obtain, and he would be entitled to fifty per cent. of the difference between the wage of the workman at the time of the injury and the wage he was able to earn in his partially disabled condition, subject, of course, to the maximum of $11 per week, and that this weekly compensation continue during the period of disability not in excess of 300 weeks. But the very class of injury which this employee sustained is enumerated and mentioned in subsection C in the clause just preceding the general clause; the latter being intended to bring in the classes of injuries which might have been omitted in the enumeration thereof.

Referring to the caption of subsection C, we find it reads as follows: "For the permanent partial disability, the compensation shall be based upon the extent of such disability. In cases included by the following schedule, the compensation shall be that named in the schedule, to-wit."

Then follows a long list of specific injuries, such as the loss of a thumb, of a finger, toe, arms, legs, eyes, etc. These specific injuries deal with the total loss of some member of the body. The particular clause of the section of the act dealing with cases of permanent partial disability due to an injury to a member resulting in less than total loss follows the enumeration just stated and is the one controlling in this case, since the evidence conclusively shows that the employee did not sustain a total loss of the use of his

leg.  The evidence most favorable to the plaintiff shows that he lost only eighty per cent. of the total use of his limb.  This provision of subsection C reads:

"In cases of permanent partial disability due to injury to a member resulting in less than total loss of use of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of the use of the respective member, which the extent of injury to the member bears to its total loss."

Thus it will be seen that the rate of compensation in cases where the injury to a member is less than the total loss of the use of the member is the same as that prescribed in the schedule for the loss of the particular member, and that the time for which the compensation is to be paid is that proportion of the time fixed in the schedule for a total loss which the extent of the injury bears to its total loss.  In other words, the rate of compensation is the same, but the time is a proportionate part of the schedule for a total loss, and the proportion to be applied is that which the extent of the injury bears to a total loss.  Applying this provision to the instant case, the employee is entitled to compensation at the rate of $11 per week for a period of time equal to eighty per cent. of one hundred seventy-five weeks, or one hundred forty weeks.

It is argued by counsel for the employee that this ratio should be figured upon the weekly wage and the maximum of $11 applied thereto.  For example, counsel for the employee say that eighty per cent. of one-half of his average wages is in excess of the maximum, and, that being so, the maximum should be applied to the full period of time allowed for the total loss of the limb.  This contention

147 Tenn.—12

is opposed both to the spirit and letter of the act. The
maximum which can be paid for the total loss of a leg un-
der the schedule is $11 per week for one hundred seventy-
five weeks. It is not to be supposed that the legislature
intended to make as much compensation for less than a
total loss of the use of a leg as for a total, especially as
the act specifically provides for the application of a ratio,
but the language itself will not permit such a construc-
tion; no matter what the average weekly wage is, it can-
not exceed $11 per week. This subsection C specifically
provides that all compensations provided in clause C are
subject to the maximum of $11 per week. It will be ob-
served that the act in so many words says, in dealing with
cases of permanent partial disability due to injury to a
member resulting in less than total loss, the compensation
shall be paid at the prescribed rate specified in the sched-
ule for a total loss of use of the respective member. The
rate specified for the total loss of a leg is fifty per cent.
of the average weekly wages, subject to a maximum pay-
ment of $11 per week, and it specifically provides that this
rate shall be paid during that part of the time specified
in the schedule for the total loss of the respective mem-
ber which the extent of the injury bears to its total loss.
Thus we have expressly provided what the weekly rate of
compensation shall be, but the length of time which this
weekly rate shall run is to be determined from the evi-
dence which shows the relative loss of the use of the par-
ticular limb involved. So that the compensation must be
calculated by applying the maximum rate to that part of
the time fixed in the schedule for the total loss which the
extent of the injury bears to its total. This method of
calculating the compensation comes to the same result as

Casey-Hedges Co. v. Lynch.

if the ratio were applied to the maximum rate for the full period of time fixed in the schedule for the total loss of a limb, but the other method is described in the act apparently for the very purpose of making it certain that the total compensation to be paid for a partial permanent disability to a member where the injury results in less than the total loss of that member would not be equal to the compensation that could be paid for the total loss. There would be room for the argument if the act had prescribed that the compensation should run for the full period of time specified in the schedule, and that the proportion of the rate would be applied to fifty per cent. of the average weekly wage. The effect of such provision would be to allow compensation at a rate in excess of the maximum fixed by the act. We must conclude, therefore, that the employee in this case is only entitled to recover compensation at the rate of $11 per week for a period of one hundred forty weeks. The judgment of the court below will be accordingly modified, and in all other respects affirmed, and the case will be remanded for further proceedings not inconsistent with this opinion. The costs of the court below will be paid as provided by the judgment appealed from, and the costs incident to the appeal will be paid one half by the plaintiff in error, and the other half by the defendant in error.