(96 South. 138)
### Ex parte JEFFERSON SLAG CO. et al.
(6 Div. 883.)

(Supreme Court of Alabama. April 19, 1923.)

Master and servant ⬠385(14)—Compensation allowable for partial loss of foot.

In awarding compensation to a workman for a 35 per cent. loss of a foot, the number of weeks for which he has been compensated must be deducted from the compensation period proportionate to the loss, instead of the period allowed for a total loss.

Petition for Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Petition of the Jefferson Slag Company and the C. G. Kershaw Contracting Company for writ of certiorari to review the judgment of the circuit court, awarding compensation to an injured employee under the Workmen's Compensation Act, in the case of Bob Steely v. Jefferson Slag Company and C. G. Kershaw Contracting Company. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The circuit court found that the plaintiff suffered a total temporary disability for 24 weeks, for which compensation had been duly paid. It was without dispute that plaintiff suffered a permanent injury to one foot, which amounted to 35 per cent. of a total loss of that member. In awarding compensation for this permanent partial disability, the trial court deducted 24 weeks, the period of total temporary disability, from 125 weeks, the period allowed for complete loss of a foot, and awarded compensation for 35 per cent. of the weekly rate of $5.50 ($1,925) for 101 weeks, amounting to $194.43, with 10 per cent. of the amount, additional, for attorneys' fees.

Smith & Morrow, of Birmingham, for petitioner.

The permanent partial disability and temporary total disability in this case being concurrent and overlapping, plaintiff should have been awarded compensation for disability extending over the greatest number of weeks only, and not for both.

Goodwyn & Ross, of Bessemer, opposed.

The judgment rendered was proper and correct.

SOMERVILLE, J. Under the rule laid down by this court in Ex parte Diniaco Bros., 207 Ala. 685, 93 South. 388, for awarding compensation under the Workmen's Compensation Act (Acts 1919, p. 206) in cases where there is a total temporary disability, which is concurrent, in whole or in part, with a permanent partial disability, the award in this case for the plaintiff's permanent partial disability is erroneous, and must be set aside. The period of compensation for the total permanent loss of a foot is 125 weeks. The proportionate period for a 35 per cent. loss of that member is 43.75 weeks. Deducting the 24 weeks for which the plaintiff has been compensated as for total temporary disability, there remains a period of 19.75 weeks, for which compensation should be awarded at the rate of $5.50 per week.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.