(106 So. 499)

## TENNESSEE COAL, IRON & R. CO. v. SHELBY. (6 Div. 461.)

(Supreme Court of Alabama. Dec. 17, 1925.)

1. **Master and servant ⬤⟿373—Partial disability held proximately caused by compensable accident.**

Where ·instrumentality used in treating fracture sustained in course of employment caused soreness or stiffness of limb or muscles after fracture was healed, the resulting partial disability was proximately caused by accident arising out of and in course of employment.

2. **Master and servant ⬤⟿385(15)—Compensation properly awarded for temporary total disability and later for temporary partial disability.**

Where temporary total disability due ˙to fracture was followed by soreness or stiffness causing temporary partial disability, compensation was properly awarded therefor, under Code 1923, § 7551, subd. (b), to begin when temporary total disability within subdivision (a) terminated, and case was not within subdivision (c) as to permanent partial disability.

Certiorari to Circuit Court, Jefferson County; Joe C. Hail, Judge.

Petition of the Tennessee Coal, Iron & Railroad Company for certiorari to the Circuit Court, Jefferson County, to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by Ben Shelby against the petitioner. Writ denied.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

The compensation allowed is excessive. Acts 1919, p. 213, § 13 (c); Code 1923, § 7551 (c); Ex parte Diniaco Bros., 207 Ala. 685, 93 So. 388; Ex parte Jefferson Slag Co., 209 Ala. 263, 96 So. 138.

W. F. Spencer and Ralph W. Quinn, both of Birmingham, for appellee.

The finding by the trial judge was in accord with the law. Acts 1919, p. 211, § 13 (b); Code 1923, § 7551 (b).

ANDERSON, C. J. [1] It seems that this proceeding was under subdivision (b) of section 7551 of the Code of 1923 (Workmen's Compensation Act), and the trial court found:

"That the plaintiff is entitled to the benefits of the Workmen's Compensation Acts of Alabama, subsec. (b) (section 13, p. 211, of the Acts of the Legislature 1919); that he is temporarily partially disabled, caused by an injury received by him while in the employment of the defendant, by an accident which arose out of and in the course of his employment." (The act being codified as above indicated).

The trial court was justified in finding that the plaintiff was partially disabled when the suit was filed, notwithstanding the break or fracture of his limb had healed, and that it was due to the one injury sustained in the course of his employment and was not a separate and distinct injury not arising out of his employment. It may be that the break or fracture had healed and that the existing partial disability was caused by a stiffness or soreness of the limb or muscles above or below the break, yet it appears that said soreness or stiffness was caused by the use of a certain instrumentality in treating or healing the break or fracture, and, though the treatment may have been skillful, the last-mentioned cause of partial disability was proxi·mately caused by the accident which arose out of and in the course of the plaintiff's employment, and was but the continuation of his partial disability after the break was healed, but in a lesser degree.

[2] As we understand, this cáse, in neither aspect, falls under subdivision (c) of section 7551 which provides for permanent partial disability. In the first instance, there was a temporary total disability which brought it within the influence of subdivision (a), then after plaintiff got able to do some work, but not what he could do before the injury, the trial court found that the disability was only partial and temporary, and the case came within subdivision (b). The trial court did not allow concurrent compensation under each clause or subdivision, but fixed the compensation under subdivision (b) to begin only when the total temporary ˙disability terminated and when the partial temporary disability began and to continue ₒonly while it lasted, but, in no event, to exceed the period fixed by the statute.

The cases of Ex parte Jefferson Slag Co., 209 Ala. 263, 96 So. 138, and Ex parte Diniaco Bros., 207 Ala. 685, 93 So. 388, dealt with claims involving a total temporary disability concurrent with a permanent partial disability, and subdivision (c), of course, applied to the permanent partial disability. Here we have a claim, first, for a temporary total disability under subdivision (a) and then, when it ceased to be total and became a temporary partial disability, it fell under subdivision (b) of the section, and no permanent partial disability is involved so as to bring it within subdivision (c) of the section or within the influence of the cases supra.

The writ is denied.

SAYRE, GARDNER, and MILLER, JJ., concur.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes