FRANK KUPIS *vs.* WILMINGTON PROVISION COMPANY.

(*March* 23, 1927.)

RICE and HARRINGTON, J. J., sitting.

*William Prickett* for appellant.

*H. H. Ward, Jr.,* (of Ward, Gray and Ward) for appellee.

Superior Court for New Castle County, November Term, 1926.

No. 125, March Term, 1926.

RICE, J., deivering the opinion of the court:

The appellant claims (1) that when a specific permanent injury follows a period of total disability, there should be no deduction from the period of compensation specified under *Section* 103, *subsec.* (*c*), for compensation paid under *Section* 103, *subsec.* (*a*), for total disability; (2) That under *Paragraph* 20 *of Subsection* (*c*) it is the amount of compensation which varies, and not the period; (3) that all compensation under *Subsection* (*c*) is subject to the maximum and minimum prescribed in the last paragraph of this subsection.

*Code* 1915, § 3193j, *at Section* 103, as amended (*30 Del. Laws*, *c.* 203, § 3; *32 Del. Laws*, *c.* 186, § 2), in so far as applicable to the consideration of the instant case, provides:

"(a) For the first four hundred and seventy-five weeks of total disability, fifty per centum of the wages of the injured employee as defined by this act as amended; but the compensation shall not be more than fifteen dollars

per week nor less than five dollars per week, and shall not exceed in the aggregate the sum of four thousand dollars; provided, that if at the time of injury, the employee receives wages of less than five dollars per week, then he shall receive the full amount of such wages per week as compensation. Nothing in this paragraph (a) shall require the payment of compensation after disability shall cease. Should partial disability be followed by total disability, the period of four hundred and seventy-five weeks mentioned in this paragraph (a) of this section shall be reduced by the number of weeks during which compensation was paid for such partial disability.

"(b)  For disability for work partial in character (except the particular cases mentioned in the next succeeding subsection [c] of this section), fifty per centum of the difference between the wages received by the injured employee before the injury and the earning power of the employee thereafter, but such compensation shall not be more than fifteen dollars per week. This compensation shall be paid during the period of such partial disability for work; not, however, beyond two hundred and eighty-five weeks. Should total disability for work be followed by partial disability for work, the period for two hundred and eighty-five weeks mentioned in this subsection (b) shall be reduced by the number of weeks during which compensation was paid for such total disability.

"(c)  For all permanent injuries of the following classes, the compensation, regardless of the earning power of such injured employee after such injury, shall be as follows:  *  *  *

"For the loss of a leg, fifty per centum of wages during one hundred and ninety-four weeks.  *  *  *

"In all other cases in this class, or when the usefulness of a member or any physical function is permanently impaired, the compensation shall bear such relation to the amount stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule.  *  *  *

"This compensation shall not be more than fifteen dollars per week, nor less than five dollars per week; provided, that, if at the time of injury the employee receives wages of less than five dollars per week, then he shall receive the full amount of such wages per week as compensation."

We believe that the award of the Industrial Accident Board allowing a deduction from the period of compensation specified under *Section* 103, *Subsec.* (*c*), for compensation paid under *Subsection* (*a*) for temporary total disability, is not within the provisions or intendment of the Delaware Workmen's Compensation Law. The language of *Subsection* (*c*) does not specifically provide for such a reduction in cases coming within the schedule set forth in this section, neither is there any general or special provision for a reduction in such cases, in the statute. The employer, the appellee, argues that *subsections* (*a*), (*b*), and (*d*) all contain provisions for reducing the period of compensation payable for an injury under one subsection by the number of weeks of compensation paid for the same injury under another subsection, and, there-

fore, the general policy of the Workmen's Compensation Law providing for such a reduction is established, and should apply to cases coming under the provisions of *Subsection* (*c*). This argument ordinarily would be entitled to great consideration in determining the general policy of the law and the intendment of the Legislature, but we believe it to be without much force under the present circumstances. We believe greater weight should be attached to the fact that while the deduction provision appears in all subsections dealing with disability for work, either total or partial, it is omitted from subsection (*c*), the only section dealing with compensation for the loss or impairment of an organ or member of the body. It is reasonable to believe, if it was the intention of the Legislature that deduction should be made in the cases coming within *Subsection* (*c*), the same or like provisions appearing in *Subsections* (a), (*b*), and (*d*) would have been written into *Subsection* (c).

The Industrial Accident Board, in deciding the case, relied largely upon the decision of the board in the case of *Pullman Co. v. Riley*, 1 *W. W. Harr.* (31 *Del.*) 440, 114 *A*. 920, which decision, when the case was appealed to the court, was approved. *Pullman Car Lines v. Riley*, 1 *W. W. Harr.* 440, 114 *A*. 920. The facts in the Riley Case differ so greatly from the facts in the present case that we believe it is not necessary to approve or disapprove that decision. The board, in that case, found as a fact that the employee suffered an injury resulting in the loss of a leg, and at the same time suffered other injuries resulting in probable permanent total disability for work. In the present case the employee suffered only one injury causing temporary total disability for work, and eventually resulting in permanent impairment of the use of his leg.

The second cause of appeal is from the action of the board in proportioning the period of compensation to the injury, and not proportioning the amount of compensation. The board found that the usefulness of the leg of the employee had been permanently impaired to the extent of 35 per cent., and awarded compensation at 50 per cent. of wages for 68 weeks (35 per cent. of 194 weeks.).

*Paragraph* 20 *of Subsection* (*c*) provides:

"In all other cases in this class, or when the usefulness of a member or any physical function is permanently impaired, the compensation shall bear such relation to the amount stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule."

The cases decided in other jurisdictions under statutes containing language somewhat similar to that found in the Delaware statute appear to be somewhat in conflict on the question now before us. In some jurisdictions, it is argued by the employer, it is held that the statute provides for an apportionment of the period of compensation. *Spurgeon, Appellee, v. Iowa & Missouri Granite Works, et al., Appellants,* 196 *Iowa* 1268, 194 *N. W.* 286; *Casey-Hedges v. Lynch,* 147 *Tenn.* 173, 245 *S. W.* 522.

The appellant cites the following cases from other jurisdictions which it is claimed decide the opposite: *Banister v. Kriger,* 84 *N. J. Law* 30, 85 *A.* 1027; *De Zeng v. Pressey,* 86 *N. J. Law* 469, 92 *A.* 278; *Maziarski v. Ohl & Co.,* 86 *N. J. Law* 692, 93 *A.* 110.

However, we do not find the decisions from other states of very much assistance upon this question, for the reason that while the general provisions of the statutes are the same, yet in many features and details they differ. We are of the opinion that when the Legislature used the word "amount" in *Subsection* (*c*), *Paragraph* 20, amount of compensation was meant, and we see no reason to believe that period of compensation was intended. The Legislature seemed to have exercised great care in using the expression "the period" or "number of weeks" when it wished to denote length of time, as in *Subsection* (*a*), *Subsection* (*b*), *Subsection* (*c*), *Paragraphs* 7, 13, 19, and *Subsection* (*d*); and to denote money to be paid as compensation by the use of the word "amount," as in *Subsection* (*c*), *Paragraphs* 14 and 20. We are of the opinion that the board was in error when it proportioned the period of compensation, and are of the opinion that it should have proportioned the amount of compensation.

It is contended by the employer that if the amount of compensation is to be proportioned, and not the period of compensation, then the compensation should be $4.55 per week, which is 35 per cent. (*Subsection* [*c*] *Par.* 20) of 50 per cent. of wages (*Sub-*

*section* [c] *par.* 5), the weekly wage being $26. We are of the opinion that this contention cannot be sustained under the provisions of the last paragraph of *Subsection* (c), and that the minimum of compensation is $5 per week, unless the employee received weekly wages less than that sum per week.

The last paragraph of *Subsection* (c) provides:

"This compensation shall not be more than fifteen dollars per week, nor less than five dollars per week; provided, that, if at the time of injury, the employee receives wages of less than five dollars per week, then he shall receive the full amount of such wages per week as compensation."

The *proviso* in this paragraph has reference only to compensation where the wages are less than $5 per week, and qualifies the minimum mentioned in such cases only, and does not otherwise qualify the minimum compensation of $5 per week.

We are of the opinion that we are not in possession of sufficient facts in the case to make an award for compensation in conformity with our conclusions on the questions of law raised, as it does not appear from the findings of the board the date of determination of the temporary total disability, from which date, of course, under our holding, the compensation became payable for the permanent impairment of the use of one leg.

For the reasons stated, it is ordered that the case be remanded to the Industrial Accident Board for additional findings of fact, and an award by the board in conformity with our determination of the law. It is further ordered and decreed that a certified copy of this order be sent to the Industrial Accident Board. The costs of the proceeding in this court are taxed against the appellee.