(116 So. 134)

## DOULLUT & EWIN, Inc., v. SEABURY.
### (1 Div. 474.)

Supreme Court of Alabama. March 22, 1928.

1. Master and servant ⬦385(14)—For permanent partial disability from injury to leg, employee is entitled to compensation at rate for loss for proportional part of period for loss, depending on extent of injury (Code 1923, § 7551[c]).

Under Workmen's Compensation Act (Code 1923, § 7551[c]), an employee sustaining a permanent partial disability from an injury to a leg is entitled to compensation at full rate prescribed for loss of that member for that proportion of full prescribed compensation period for total loss which the extent of injury bears to total loss.

2. Master and servant ⬦385(20)—Time that total disability from injury to leg was compensated is deducted from compensation period for permanent partial disability, in determining time for compensation of following permanent partial disability (Code 1923, § 7551[c]).

Under Workmen's Compensation Act (Code 1923, § 7551[c]), time of total disability of employee from injury of leg for which he is compensated, as regards period for compensation for succeeding permanent partial disability from such injury, must be deducted from compensation period fixed for permanent partial disability, rather than from the period allowed for total loss.

Sayre, J., dissenting.

Certiorari to Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Petition of Doullut & Ewin, Inc., for certiorari to the circuit court of Mobile county to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by Fred Seabury against the petitioner. Reversed and remanded.

Smiths, Young & Johnston, of Mobile, for appellant.

An injury to the knee is an injury to the leg, and, there being only a 10 per cent. permanent disability, plaintiff was entitled to only seventeen and one-half weeks' compensation. There having been paid seventeen weeks of this compensation, he is only entitled to one-half week more. Code 1923, § 7551, subd. C, par. (a); Ex parte Diniaco Bros., 207 Ala. 685, 93 So. 388; Rogers v. Modern Brotherhood, 131 Mo. App. 353, 111 S. W. 518; Code 1923, § 7598, subd. L; Casey-Hedges Co. v. Lynch, 147 Tenn. 173, 245 S. W. 522; Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377.

Inge & Bates, of Mobile, for appellee.

The injury being a temporary partial one, the amount of compensation awarded is correct. Code 1923, § 7551 (c). The disability is a stiffness of the knee, which, not being

provided for in any of the schedules enumerated in subdivision (c), the workman is entitled to compensation for a permanent partial disability not enumerated in subdivision (c). Tenn. C. & I. Co. v. Shelby, 214 Ala. 87, 106 So. 499. If the injury is temporary, then subdivision (b) of section 7551 fixes the compensation, and the judgment of the circuit court is in accord therewith. As in temporary partial or permanent partial disability, the compensation is the same.

SAYRE, J. Appellee, Seabury, was accidentally injured while in the employment of appellant corporation. The injury of consequence suffered by him was a broken knee. For 17 weeks he was totally disabled; after that he was partially disabled and so continued down to the time of the trial. He had four dependent children. During the time of his total disability, 17 weeks, appellant paid appellee $15 a week. His weekly wage had been $39.67—so the trial court found. During 9 weeks next after his total disability ceased appellee earned $33.60 a week, and for that period the court held that he was entitled to compensation at the rate of $3.64 a week, that being 60 per cent. of the difference between his wage during this period and his wage before the accident. Appellant had paid to appellee on account of his injury the sum of $255, as the court found. This the court ascertained to be $14.08 in excess of the amount due on the date—as we understand —of the last payment, but we are unable from the finding of facts to locate the date of that payment. As for the rest, the court found that appellee was permanently disabled to the extent of 10 per cent. of the use of his leg, and that, at the time of the trial, he was able to earn $22.50 a week, and that by reason of his dependent children (section 7551, subsec. [h]) he was entitled to compensation at the rate of 60 per cent. of the difference between $39.67 and $22.50, viz., $10.30 a week for so long as his disability might continue, not, however, to exceed 300 weeks from the date of his injury. Notwithstanding the finding that appellee suffered a permanent partial disability, the judgment proceeds, as the court in terms stated, to award compensation "as provided by subdivision (b) of section 7551 of the Code as construed in Tennessee Coal, Iron & Railroad Co. v. Shelby, 214 Ala. 87, 106 So. 499." The section of the Code thus expressly referred to deals with the subject of temporary partial disability. However, the judgment provided that the cause be retained on the docket so as to remain subject to the control of the court whenever facts brought to the attention of the court might justify modification, and, in view of this provision—which it was well enough to express, though the law operated to the same effect in the case of partial dis-

---

abilities, whether permanent or temporary as of the time of the judgment—it made no difference in estimating the amount of compensation to be awarded whether the disability for which compensation was sought, i. e., a partial loss of the use of the leg, was permanent or temporary. This we say on the assumption that appellant's theory of the case is not well founded in the law.

Subdivision (c) of section 7551 of the Code provides compensation for the loss of a leg as follows:

"Fifty per cent. of the average weekly earnings during one hundred and seventy-five weeks."

The same section and subdivision, along with a great many other things, provides as follows:

"In cases of permanent disability, due to injury to a member resulting in less than total loss of use of such member, not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of the injury to the member bears to its total loss."

Appellant's theory of the case, as we understand it, is that, appellee having received compensation for disability (total) for 17 weeks, which is 10 per cent. (less one-half per cent. which appellant concedes appellee was entitled to receive) of the time for which compensation for the total loss of a leg is limited, he has received all the law allows to him. This theory suffered a blight when Tennessee Coal, Iron & Railroad Co. v. Shelby, 214 Ala. 87, 106 So. 499, was decided. To the same effect in one point was Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377. But, as for the comment in the last-mentioned case to the effect that the dissenting judges would overrule the decisions in Ex parte Diniaco & Bros., 207 Ala. 685, 93 So. 388, and Ex parte Jefferson Slag Co., 209 Ala. 263, 96 So. 138, it may be noted again, as it was in T. C. & I. Co. v. Shelby, supra, that those cases (207 Ala. 685, 93 So. 388; 209 Ala. 263, 96 So. 138), involved claims for concurrent injuries. There is in this case no claim for concurrent injuries or compensations.

However, the majority opinion in Galloway Case, 215 Ala. 79, 109 So. 377, stands in the way of an affirmance in the case here under review. The writer is entirely willing to concede that in the respect now in question the statute is very obscurely framed, and that no satisfactory result can be had if strict regard be given to the letter of the statute. For, let it be noted, subsection (b) of section 7551 of the Code is the only part of the statute which undertakes to care for cases of temporary partial disability, and the provision there is for compensation at the rate of 50 per cent. of the difference between the average weekly earnings of the

workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition. Excluding the time for which appellee has been paid, and assuming for argument that he will be paid for the maximum period at the rate just detailed, he would be paid a substantial sum for temporary partial disability, whereas, if appellee is to be compensated as for permanent partial disability under that construction of the statute adopted in the Galloway Case, he will receive a mere pittance, and will also be deprived of the compensation due to him on account of his dependent children and the provision of subsection (h) of section 7551 wherein it is enacted that:

"Wherever in this section there is a provision for fifty per cent., such per cent. shall be increased five per cent. for each totally dependent child of the employee under the age of eighteen years at the time of the injury,"

—not to exceed a maximum of 60 per cent. If this estimate follows the statute according to its true intent and purpose, the result discloses one of the curiosities of legislation. This I venture because the schedule of compensation to be found in subsection (b) of section 7551 covers "all cases of temporary partial disability," whereas the pro rata compensation provided in that part of subsection (c) which controlled the decision in the Galloway Case relates exclusively to permanent disability as does all the rest of that subsection.

The Workmen's Compensation Act (Code 1923, § 7534 et seq.) was intended as a remedial statute. "Remedial statutes are to be liberally construed with a view to effectuate the purposes of the Legislature; and if there be any doubt or ambiguity, that construction should be adopted which will best advance the remedy provided and help to suppress the mischief against which it was aimed." Black, Interp. Laws, 307; Endlich, Interp. Statutes, § 320. "It is a well-settled rule, that when the words are not precise and clear such construction will be adopted as shall appear the most reasonable, and best suited to accomplish the object of the statutes; and a construction which would lead to an absurdity, ought to be rejected." Sprowl v. Lawrence, 33 Ala. 686; Burnett v. Roman, 192 Ala. 188, 68 So. 353. The language of the schedule is confused and confusing to say the least but I think it is susceptible of a construction consonant with a reasonable and consistent purpose on the part of the Legislature and that no violence to the language of the statute need be indulged though, as the cases and authorities cited above go to show, courts have at times done almost that in order to serve the legislative purpose.

If the judgment of the trial court be referred to subsection (c) of the schedule of compensation, section 7551, as appellant insists it should be in view of the trial court's

finding that appellee was suffering a permanent partial disability, then it seems reasonable to estimate appellee's compensation according to that part of the subsection reading as follows:

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty per cent. of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition," etc.

This means nothing more than to refer the phrase "not above enumerated" to the *enumeration* of the preceding part of the subsection which embraces injuries caused by the loss of members mentioned severally and separately. The phrase "above enumerated" ought not to be referred to that part of the section which provides for "cases of permanent disability, due to injury to a member resulting in less than total loss of use of such member, not otherwise compensated in this schedule," etc., as appellant seems to do, for that would be to refer the phrase "above enumerated" to a provision for injuries "not otherwise compensated," which, obviously, is not an enumeration. "Not otherwise compensated in this schedule" must intend the cases of *members* not specifically mentioned in the schedule. Legs are mentioned specifically, and that leaves injuries to legs, resulting in permanent partial loss of the use of legs, to be compensated at "fifty per cent. of the difference between the average weekly earnings before the injury and the average weekly earnings he is able to earn in his partially disabled condition"—not an unjust or irrational interpretation of the statute. Such was the interpretation adopted in the trial court, assuming that the purpose of the court was to measure appellee's compensation according to the provisions of subsection (c) of section 7551 of the Code. If the effort was to compensate appellee according to subsection (b) of section 7551, and the case was properly referable to that subsection, the court correctly estimated compensation as the clear language of the subsection directs. And, in view of the common provision of the two subsections to the effect that compensation shall be paid only during disability, and in no event for more than 300 weeks, it makes no difference whether compensation in appellee's case be estimated according to one subsection or the other. This, I concede, does not free the statute of all its anomalies, but results, as I think, in a more equitable, construction than any heretofore proposed. I think therefore that the judgment should be affirmed.

[1, 2] A majority of the court, ANDERSON, C. J., and SOMERVILLE, GARDNER, THOMAS, and BROWN, JJ., are of opinion that appellee's compensation should be ascertained according to the rule of the Galloway Case.

BOULDIN, J., would follow his opinion in the Galloway Case.

The writer dissents.

Reversed and remanded.