10 So.2d 545
### NOLAN v. ERNEST CONST. CO.
I Div. 422.

Court of Appeals of Alabama.
June 30, 1942.

Rehearing Denied Oct. 6, 1942.

Doris Van Aller and Richard J. Demeree, both of Mobile, for appellant.

Smith, Hand & Arendall, of Mobile, for appellee.

**RICE, Judge.**

This is a petition for the common law writ of certiorari to review a judgment of the circuit court awarding compensation under the Workmen's Compensation Act. Code 1940, Tit. 26, § 253 et seq.

The case was tried in the court below upon an agreed statement of facts, which is before us. All jurisdictional matters are agreed upon; and the right of plaintiff or petitioner to recover is not controverted or denied.

The contested point is not as to the weekly compensation—that, too, is agreed upon—but is as to how many weeks he is entitled to be compensated. Reference is here made to the entire "Agreed Statement of Facts" as contained in the record, as well as to the opinion of the court below awarding petitioner the compensation specified and adjudged to him therein.

In the said Agreed Statement of Facts it was stipulated that the injuries received by plaintiff (petitioner) were as follows:

"The fibula and tibia of the plaintiff's right leg were fractured at a point a short distance above the ankle, entirely below the knee, which said fracture extended into the ankle. The parties hereto are in dispute as to whether these injuries constitute injuries to the 'leg' or 'foot,' as the terms are used in Section 279 of Title 26, Code of Alabama 1940, but they agree that the above described injuries resulted in a 50% permanent and total loss of use, but that the disability was 100% during 40 weeks, leg being in cast for seven months."

We entertain no doubt that the injuries received by plaintiff, the description of which is quoted just next above, were injuries to his "leg," as that term is used in Sec. 279 of Tit. 26 of the Code of 1940.

The very definition of the word "leg," as given by Webster's New International Dictionary is, specifically, "that part of the limb between the knee and foot." And see Words and Phrases, Perm.Ed., vol. 24, p. 510; Also Panhandle & S. F. R. Co. v. Brown, Tex.Civ.App., 74 S.W.2d 531.

And since it is agreed that there was "a 50% permanent and total loss of use"—without specifying "use of what"—and since the well known and uncontroverted rule in "Workmen's Compensation Suits" is to resolve all ambiguities in favor of the claimant, we arrive at the conclusion that claimant, petitioner, suffered a "50% permanent and total loss of use of his leg."

And that his compensation should be calculated and awarded accordingly. Code 1940, Tit. 26, § 279(C).

It appearing that there was a period of "temporary total disability," concurrent with a "permanent partial disability," the number of compensation weeks allowed for the temporary total disability must be deducted from the number of compensation weeks allowed for the permanent partial disability, as double compensation for the same period is not allowable. Ex parte A. Diniaco & Bros. et al., 207 Ala. 685, 93 So. 388.

The award below was not calculated according to the law as we have stated hereinabove.

The judgment of the circuit court is reversed; and the cause remanded for further treatment in accordance with what we have written.

Reversed and remanded.