10 So.2d 547
**NOLAN v. ERNEST CONST. CO.**
I Div. 181.

Supreme Court of Alabama.
Nov. 19, 1942.

Smith, Hand & Arendall, of Mobile, for the petition.

Doris Van Aller and Richard J. Demeree, both of Mobile, opposed.

FOSTER, Justice.

There are two matters discussed by petitioner seeking to review the opinion of the Court of Appeals.

One of them needs no particular emphasis by us except to say that we entertain no doubt as to the meaning of that Court or the correctness of its statement

of the rule that when a permanent partial disability of a member is concurrent with a temporary total disability of it, the number of compensable weeks allowed for the latter must be deducted from the number of compensable weeks allowed for the former. Since the Diniaco case, Ex parte A. Diniaco & Bros., 207 Ala. 685, 93 So. 388, cited by the Court of Appeals, the principle has been carefully restudied by this Court, and reaffirmed, though not by a unanimous Court. Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377; Doullut & Erwin v. Seabury, 217 Ala. 285, 116 So. 134.

The Court of Appeals in this case after declaring the principle just stated observed that the award below was not calculated according to the law as they had stated thereinabove.

We are informed that the trial court did use this formula for making his calculation, and that this statement is likely to be misunderstood. We think the Court of Appeals clearly meant by this observation to refer to another contention wherein they disagreed with the trial court. This is whether the period compensable should be calculated as for the loss of use of the foot or of the leg as contemplated by section 279(C) 3, Title 26, Code 1940.

And whether the court was correct in that respect is the major contention here made.

The suit was tried on an agreed statement of facts, a portion of which was copied in the opinion of the Court of Appeals.

The injury was a fracture of the right leg "at a point a short distance above the ankle, entirely below the knee, which said fracture extended into the ankle." The dispute between the parties as stated in the excerpt from the agreed statement of facts was "whether these injuries constitute injuries to the 'leg' or 'foot' as the terms are used in section 279 of Title 26, Code of 1940." It does not locate the place where there was a partial loss of use. But it was agreed that the result was "a fifty percent. permanent and total loss of use, (?) but that the disability was one hundred percent. during forty weeks."

This is treated as meaning that there was a permanent partial loss of use, equivalent to fifty percent. less than total loss of use, but that for the first forty weeks the disability was total, making a temporary total disability of forty weeks followed by a fifty percent. permanent partial loss of use.

■ There is no dispute but that temporary total disability for forty weeks was compensable (we assume under section 279 (A) supra). And we agree with the Court of Appeals that, in determining the compensation for the fifty percent. of total loss continuing from the date of the expiration of forty weeks, as we have said, the number of weeks to be included is ascertained by taking a number equal to fifty percent. of the number of weeks as the period fixed by law for a total loss of the member (here either 125 of 175 as may be determined), and deduct from that number forty (representing the period of total disability). The remainder is the number of weeks compensable for the permanent partial loss of the use of the member.

We now reach the question of whether the basic period is one hundred and twenty-five weeks fixed by section 279(C) for the loss of a foot, or one hundred and seventy-five weeks for the loss of a leg. The trial court held that a proper interpretation of section 279(C) 3, applicable to the agreed facts, requires the calculation to be made on the basis of one hundred and twenty-five weeks for the loss of a foot. The Court of Appeals reversed and applied to the situation the obvious and ordinary meaning of the words "foot" and "leg".

■ But the loss of use of a member of that sort is by section 279(C) 3 tied into a definition of such member set forth in section 279(C) 1, by declaring that the total loss of the use of a member shall be considered as equivalent to the loss of that member, and that the loss less than total "shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of the injury to the member bears to its total loss."

■ The loss of a "foot" in the schedule is defined where there is an amputation, so that if amputated "between the knee and ankle (it) shall be considered as the equivalent of the loss of a "foot". It follows that amputation at or above the knee is the loss of a leg. Section 279(C) 3 supra refers to the loss in whole or in part of the use of a member, and fixes the period prescribed for the loss of the member as the basis for computation.

Upon the idea that an injury at the point at which amputation would cause the loss to be of the foot and not the leg, some authorities hold that such an injury resulting in a loss of fifty percent. of the use of that part of the leg would be compensable as the loss of that proportionate use of the foot (not considering whether there is a substantial loss of the use of some other member so occasioned). See Travelers Ins. Co. v. Norton, 30 F.Supp. 119; Norwich Union Indemnity Co. v. Maynard, Tex.Civ. App., 300 S.W. 196; Rakiec v. Delaware L. & W. Co., N.J., 89 A. 953.

Section 279(C) 3 makes no direct reference to any specific member, such as the leg or foot. There is no definition of a foot except when there is an amputation: no express definition at all of a leg. But of course that part of the leg not defined as a foot is leg when there is an amputation, under such definition.

██ If the injury was below the knee and that was the only part of the leg physically affected so that its usefulness was thereby materially impaired, the amount of compensation is for a period of time based upon that fixed by law for a total loss of that member. A total loss of the member, as distinguished from the total loss of its use, involves substantially its amputation. See 18 A.L.R. 135(II). Therefore if the partial loss of use is of the portion of the leg defined as foot when amputated (or lost), and that alone, that definition fixes the name of the "member" whose loss fixes the basic period for the computation. A different definition of the term "member" dependent upon whether there is a loss of it, or of its use (wholly or partially) would lead to a maladjustment which we do not think was intended. Compensation for the loss of use, in whole or part, should not exceed compensation for the loss of the same member, and it is so substantially stated in section 279(C) 3, Code of 1940. This could result from the interpretation which plaintiff claims and as declared by the Court of Appeals.

██ The agreed facts state that the dispute was whether the injuries were to the leg or foot. Section 279(C) 3 refers to an injury to a member causing a partial loss of the use of that member, but the particular place where the bruise or hurt occurred may not be the only member which is thereby injured. If the injury extends to some other member whose use is thereby impaired, that situation would be material in fixing compensation. But to be compensable there must be an injury to a member, followed by a partial loss of the use of that member.

There is a difference where one member cannot function so well because the use of another is impaired by an injury to the latter, and when the injury extends in physical form to them both.

This question has been discussed in cases from other states, and they seem to agree. We quote the following from Ocean Accident & Guarantee Corp., v. Harden, 44 Ga.App. 223, 160 S.E. 699, 700: (The injury was to the heel bone).

"If the loss of use of the claimant's leg was due to nonuse or a lack of exercise, resulting from a partial loss of use of the foot, and was not otherwise traceable to the injury, it is perhaps true that the compensation should have been made upon the basis of a partial loss of use of the foot, instead of the leg, the foot being that part of the anatomy below the ankle joint. See, in this connection, Case of McLean, 119 Me. 322, 111 A. 383, 18 A.L.R. 1348, annotated; Aetna Life Ins. Co. v. Rodriguez, Tex.Civ.App., 255 S.W. 446; State ex rel. Kennedy v. District Court of Clay County, 129 Minn. 91, 151 N.W. 530. But if the result of the injury itself was to impair the muscles, nerves, ligaments, or other structure of the leg, as distinguished from mere atrophy due to nonuse, the entire disability could be denominated as a partial loss of use of the leg, in the same manner as if the injury had pertained to any other portion of the claimant's person instead of the foot. In such a case, the exact situs of the injury, whether upon the foot or elsewhere, would not be important."

See In re Burns, 218 Mass. 8, 105 N.E. 601, Ann.Cas.1916A, 787; Maryland Casualty Co., v. Donnelly, Tex.Civ.App., 50 S.W.2d 388; Everett v. Haldeman-Julius Pub. Co., 124 Kan. 115, 257 P. 939. Our own case of Ex parte Puritan Baking Co., 208 Ala. 373, 94 So. 347, is analogous in principle.

The agreed facts do not state the particular location on the leg whose use is affected by the injury. But they do not show that the leg at or above the knee was injured in respect to its muscles, nerves, ligaments or other features of its structure. If its usefulness is impaired only because it cannot function so well when there is an impairment of use below the

464

knee due to an injury confined to that area, the impairment of use should be located as of that member which is below the knee, and which is the foot under the statutory definition, and is the only member which was injured.

Neither the trial court nor the Court of Appeals has construed the agreed facts to mean that there was a physical injury at or above the knee, but both seemed to respond to the nature of the dispute as stated in the agreed facts.

The trial court held that under the statute all of the leg below the knee for the purpose here involved should be denominated "foot" so as to fix the basic period for compensation. We agree with that interpretation of the statute under the agreed facts. The Court of Appeals did not seem to disagree with the interpretation of the facts but applied a definition to the member which may have ample foundation but for the terms of the statute.

We think there was no error in the method pursued by the trial court in fixing the amount of the award insofar as the two questions here discussed are concerned.

Writ of certiorari awarded. The judgment of the Court of Appeals is reversed and one here rendered affirming the judgment of the trial court.

Reversed and rendered.

All the Justices concur.