206 So.2d 872

**WILBORN CONSTRUCTION COMPANY**

**v.**

**H. M. PARKER.**

**6 Div. 447.**

Supreme Court of Alabama.

Jan. 11, 1968.

Rehearing Denied Feb. 15, 1968.

Spain, Gillon, Riley, Tate & Ansley and H. H. Grooms, Jr., Birmingham, for appellant.

Jones, Propst & Topazi, Birmingham, for appellee.

MERRILL, Justice.

The question presented is whether we will overrule the forty-five year construction of a section of the Workmen's Compensation Act. The judgment of the trial court had the effect of overruling the decisions of the court on this matter.

The section in question is § 279, Tit. 26, Code 1940, as amended, pertinent parts of which provide for the following compensation:

"(A) Temporary Total Disability.

"For injury producing temporary total disability, fifty-five percent of the average weekly earnings received at the time of injury, * * *. This compensation shall be paid during the time of such disability, not, however, beyond three hundred weeks. * * *

"(C) 1. Permanent Partial Disability.

"For permanent partial disability the compensation shall be based upon the extent of such disability. In cases included in the following schedule the compensation shall be fifty-five percent of the average weekly earnings, during the number of weeks set out in the following schedule:

"For the loss of a hand, one hundred fifty weeks.

"2. Concurrent injuries.

"Where an employee sustains concurrent injuries resulting in concurrent disabilities, he shall receive compensation, only for the injury which entitled him to the largest amount of compensation, but this section shall not affect liability for the concurrent loss of more than one member for which members compensation is provided in the specific schedule and in subsection (D).

"3. Loss of use of a member.

"In all cases the permanent and total loss of the use of a member shall be considered as equivalent to the loss of that member, but in such cases the compensation in and by such schedule shall be in lieu of all other compensation. In case of permanent disability, due to injury to a member resulting in less than total loss of use of such member, not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss

of use of the respective member, which the extent of the injury to the member bears to its total loss."

 The facts were stipulated in the trial court and we have further condensed them. Appellee was an employee of appellant, and at the time of the accident, was married, had three dependent children and made $3.65 per hour. While working from a ladder, which slipped, he fell and received a fractured wrist and other injuries. Two doctors stated that he suffered a thirty per cent loss of the use of his left hand.

Following his injury, appellee was paid 56 weeks of compensation payments at the rate of $38.00 per week, totaling $2,128.00. Appellant also paid medical bills totaling $1,350.00.

Appellant contends that thirty per cent loss of the use of the hand, permanent partial disability, would amount to 51 weeks, and since 56 weeks of compensation for temporary total disability has already been paid, there is nothing due for permanent partial disability under our decisions for forty-five years. Appellant figured it like this:

| | |
|---|---|
| Due for loss of hand | 170 weeks |
| Disability to scheduled member | x30% |
| Total weeks of compensation due | 51 weeks |
| Less credit for weeks already paid | −56 |
| Amount due | None |

Appellee figured thusly:

| | |
|---|---|
| Due for loss of hand | 170 weeks |
| Less weeks already paid | −56 |
| | 114 |
| Disability to scheduled member | x30% |
| Weeks compensation due | 34.2 |
| Weekly benefit | x$38 |
| Still due | $1,299.60 |

The trial court decided with appellee and appellant appealed.

The only substantial change that has been made in the pertinent part of the section under consideration is that the number of weeks for the loss of a hand has been increased from 150 weeks to the present 170 weeks.

Our Workmen's Compensation Act was enacted in 1919 and the first case involving the question here presented reached this court in 1922. On rehearing, in Ex parte A. Diniaco & Bros., 207 Ala. 685, 93 So. 388, this court said:

"This is not our view of the meaning and effect of the statute, which very clearly does not contemplate double compensation for one and the same period. On the contrary, whenever a permanent partial disability is concurrent with a temporary total disability, the number of weeks allowed for the latter, if less, must be deducted from the number of weeks allowed for the former.

"In the instant case, therefore, the two disabilities being concurrent, the allowance of 32 weeks for temporary total disability should be deducted from the allowance of 80 weeks for permanent

partial disability, thereby reducing the allowance for the latter to 48 weeks; * * *."

In 1923, this court followed this rule in Ex parte Jefferson Slag Co., 209 Ala. 263, 96 So. 138.

In 1926, after the act had been codified in the 1923 Code, this court reexamined the question in Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377, and in a four to three decision, followed the two prior decisions. The majority pointed out that our Workmen's Compensation Act was founded upon the Minnesota Act and that our section (now § 279, Tit. 26) was a literal copy of the Minnesota Act. And shortly before the enactment of the law in Alabama, the Supreme Court in Minnesota had construed the act as our court had construed it in the *Diniaco* case.

Appellee insists that the dissent of Bouldin, J., in the Galloway Coal Co. case correctly states the law and should be the law today.

In 1928, this court, by five to two vote, followed "the rule of the Galloway Case" in Doullut & Erwin v. Seabury, 217 Ala. 285, 116 So. 134.

In 1942, in Nolan v. Ernest Const. Co., 243 Ala. 460, 10 So.2d 547, the entire court, including Bouldin, J., who had dissented in *Galloway* and *Seabury* cases, concurred in the following:

"* * * we entertain no doubt as to * * * the correctness of its (the Court of Appeals) statement of the rule that when a permanent partial disability of a member is concurrent with a temporary total disability of it, the number of compensable weeks allowed for the latter must be deducted from the number of compensable weeks allowed for the former. Since the Diniaco case, Ex parte A. Diniaco & Bros., 207 Ala. 685, 93 So. 388, cited by the Court of Appeals, the principle has been carefully restudied by this Court, and reaffirmed, though not by a unanimous Court. Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377; Doullut & Erwin v. Seabury, 217 Ala. 285, 116 So. 134."

(We do not intimate that Justice Bouldin changed his judgment on the matter. He merely did that which, through the years, most justices have done. Having established his views by two dissents, he recognized that the majority opinion governed, and when the question arose again, he acquiesced in the holding of the court and did not perpetuate the division of opinion).

The trial court and the appellee cited Morris v. Dickson, 252 Ala. 588, 42 So.2d 337, in support of the judgment in the circuit court, but that case also recognized the rule followed by this court:

"This Court has interpreted the statute as effecting a temporary total disability followed by a permanent partial disability resulting from the same accident. Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377; Nolan v. Ernest Const. Co., 243 Ala. 460, 10 So.2d 547. The effect is to deduct from the number of weeks provided for a permanent partial disability the number in which he was totally disabled, each period to be computed on a different basis."

We think there is merit in appellee's contention and if the question had been presented to this panel of the court as a question of first impression here, we would have been inclined to the view of Bouldin, J., in his dissenting opinion in the *Galloway* case.

The decisions of a tribunal of last resort should possess permanence and stability of character. They should not be disregarded by the court that pronounced

them, though they may not correctly ascertain the law, unless a greater inconvenience would result from an adherence to them. Next to correctness of decision, nothing is so well calculated to give character to the bench, as a regard for precedent and harmony in its judgments. United States Steel Corp. v. Goodwin, 267 Ala. 612, 104 So.2d 333; Skelton v. Weaver, 266 Ala. 335, 96 So.2d 288.

Three members of the present court have served in the Alabama Legislature, and all of us have had experience in conferring with legislators in regard to certain proposed bills. We know that changes in our Workmen's Compensation laws have been the result of careful, prolonged and delicate negotiations between representatives of most of the affected parties. The rule urged by appellant has been the law of this State for over forty-five years, and two Codes have been adopted with no change in the pertinent part of the section insofar as the computation of the compensation is concerned.

While we think there is sufficient merit in appellee's position to present a suggested change in the statute to the Legislature, we also think that the change should come from the Legislature and not this court in view of the consistent construction of the statute by this court for over forty-five years.

The judgment is reversed and the cause remanded for the entry of a judgment in conformity with this opinion.

Reversed and remanded.

SIMPSON, COLEMAN and HARWOOD, JJ., concur.