## DE ZENG STANDARD COMPANY, PROSECUTOR, v. SHERI-DAN PRESSEY, DEFENDANT.

Submitted July 2, 1914—Decided November 6, 1914.

1. Under the Workmen's Compensation act of 1911, the loss of a substantial part of the usefulness of a member is a disability for which compensation should be awarded, notwithstanding that up to the hearing the petitioner had earned the same wages as before the accident.
2. The fact that the employer continued the workman in his service and paid him wages after the accident, does not of itself entitle the employer to a credit of such wages on the compensation required to be awarded under the act.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *James & Malcolm G. Buchanan.*

For the defendant, *Bergen & Richman.*

The opinion of the court was delivered by

PARKER, J. This case arises under the Workmen's Compensation act of 1911, and the principal question argued is whether the petitioner should receive an award for the permanent impairment of the function of his right arm, when it is shown that he has been earning the same pay as he earned before the accident.

The petitioner, as a carpenter in the employ of the prosecutor, earned $20 a week. He sustained an accident arising out of and in the course of his employment which caused a fracture of the bone of the forearm known as the radius at or near the elbow and which is admitted to have caused the permanent loss of thirty per cent. of the use of his arm. After two weeks he went back to work under the same employer, at the same wages, and after a time entered the employ of his son at the

same wages. Later on, when work became slack, he worked independently, receiving the same pay for the time that he was actually employed.

In this proceeding the court awarded him thirty per cent. of $10 for the period of two hundred weeks, under the provision of the act "where the usefulness of a member or any physical function is permanently impaired, the compensation shall bear such relation to the amount stated in the schedule as the disabilities bear to those produced by the injuries named in the schedule." The thirty per cent., however, was awarded upon the number of weeks as a base, and, consequently, the award was the sum of $10 per week for a period of sixty weeks. This is not the method sanctioned in *James A. Banister Co.* v. *Kriger,* 84 *N. J. L.* 30, where this court sustained an award for the full period with relation to the percentage of the weekly wage on application of the minimum clause.

Applying that rule to the present case, the award would have been for two hundred weeks at a minimum of $5 per week; but the petitioner does not question the form of the award, and, plainly, the prosecutor is not injured by it.

The prosecutor's principal claim is that there cannot be a statutory "disability" when it appears that the earnings of the petitioner had not been impaired. With this we cannot agree. It may well be that for a time an injured employe might be able to earn the same wages as before the accident, but, as we read the act, the disability intended thereby is a disability due to loss of a member, or part of a member, or of a function rather than to mere loss of earning power. Even if this were not so, it does not follow that the injured employe had not sustained a distinct loss of earning power in the near or not remote future and for which the award is intended to compensate. If it were a question of damages at common law, the elements of damage would consist of present loss of wages, probable future loss of wages, pain and suffering, and temporary or permanent disability, which loss the jury would be at liberty to assess quite independently of the fact that the plaintiff was earning the same wages, except so far as that

fact might be evidential with regard to the extent of the disability.

Next it is argued that because the petitioner worked for the prosecutor for fifty-five weeks at full wages, these fifty-five weeks should be deducted from the sixty weeks, for which the award was made The answer is that the prosecutor was under no obligation to employ the petitioner at $20 a week, or any other sum, and that inasmuch as he chose to do so without any understanding, express or implied, that petitioner was not worth those wages, or that part of them should be treated as moneys paid under the Compensation act, he must be presumed to have paid the money as wages and because he thought the petitioner was worth that amount. Indeed, it was optional to petitioner to continue working for the prosecutor just as it was optional with the prosecutor to employ him, and if the petitioner had chosen to do no work, he would have been entitled to his compensation under the act just the same. We see no force whatever in this argument.

The judgment of the Camden Common Pleas will be affirmed.