JULIA GELLATTY, PLAINTIFF, v. THE CENTRAL RAIL-
ROAD OF NEW JERSEY, DEFENDANT.

Argued June 2, 1914—Decided November 20, 1914.

The expression "a high degree of care" is not the legal equivalent of reasonable care, and an instruction that the former must be exercised when the duty of the defendant was to use the latter is technical error, which is, however, harmless in the case of the handling of violent explosives, where reasonable care is necessarily a high degree of care.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the rule, *George Holmes* and *Frederick J. Faulks*.

*Contra, Albert C. Wall.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff, a passenger on one of the defendant's trains, while alighting in its terminal station at Jersey City, was injured by an explosion of dynamite that was being unloaded at a pier of the defendant some nine hundred or one thousand feet away from the train shed.

The court was requested to charge that "at the time the explosion occurred the defendant only owed to the plaintiff, Julia Gellatty, the duty of using reasonable care to see that she was not injured," to which the reply of the court was, "I deny that. The obligation was to use a high degree of care." In the body of the charge the court said, "The declaration in her case alleges that her injury was inflicted in breach of the duty which the railroad company owed to her as a passenger. It will not be denied that this duty was to exercise a high degree of care for the safety of the passenger."

The contention of the defendant is that these instructions were erroneous under the case of *Van Blarcom* v. *Central Railroad Co.,* 72 *N. J. L.* 33; 73 *Id.* 540, and also that such instructions ignored the distinction between the duty of a carrier of passengers with respect to its roadbed, bridges, engines, cars and other appliances of transportation and its duty with respect to its stations, waiting rooms, passageways or terminal facilities, as to the former of which the rule is that a high degree of care must be exercised, while as to the latter the duty is to exercise reasonable care. Assuming these contentions to be correct, they do not in our judgment require the setting aside of this verdict. The court was speaking to the jury about the unloading of dynamite so near to the passenger station of a railroad terminal that negligence in the manipulation of it might cause an explosion that would seriously injure the passengers therein.

If it be conceded that it was the legal duty of the railroad company to exercise reasonable care, it must also be conceded that in such case a reasonable care was a high degree of care. The expression reasonable care is an elastic one, running the entire gamut from those cases in which only the most trifling injury is to be anticipated in the event of negligence to those

—such as the handling of death-dealing and dangerous agencies—in which the most frightful consequences are to be apprehended. The degree of care that is reasonable varies, therefore, with the circumstances of the case and the gravity of the results to be apprehended, and it is axiomatic that in the handling of violent explosives in close proximity to a center of traffic, reasonable care is necessarily a high degree of care, and an instruction couched in this language would be legally unobjectionable. The distinction between such an instruction and the one that was given in the present case is, however, without practical significance to the laity, of whom our juries are composed, resting as such distinction does upon the legal rules that have grown up touching the relative functions of court and jury. Hence, in a case in which upon the uncontroverted facts the jury must find that reasonable care was a high degree of care, the instruction that a high degree of care was required, while technically a violation of these rules was practically harmless under the rule that such an error is not in a legal sense harmful if the result would be the same if the error had not occurred. This rule is illustrated in the recent case of Mallery *v.* Erie Railroad Company where the error of leaving a court question to the jury was held to be harmless because if the error had not occurred the result would be the same.

In the present case no jury in Christendom would find otherwise than that the handling of dynamite in close proximity to a passenger terminal called for the exercise of a high degree of care, and on this argument it is not pretended that such is not the case.

This being so, we think that under section 27 of the Practice act of 1912 (*Pamph. L., p.* 377), we ought not, on a rule to show cause, set aside a verdict for a slip that did not really misinstruct the jury or substantially affect any right of the defendant. Whether this would be so on a strict assignment of error upon appeal is a question with which we are not now concerned.

The rule to show cause is discharged.