JOHN R. BURBAGE, PETITIONER-PROSECUTOR, v. JOSEPH
E. LEE ET AL., TRADING, ETC.

Submitted December 3, 1914—Decided April 15, 1915.

Under Workmen's Compensation act of 1911 (*Pamph. L., p.* 134) the
word "disability" is not restricted to mere loss of earning power;
and the fact that an injured workman was employed at the same
work and the same wages, as before the injury, will not disen-
title him to compensation under the act if his physical efficiency
has been substantially impaired.

On *certiorari* to the Atlantic Common Pleas.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *James H. Hayes, Jr.*

For the defendants, *Martin E. Keffer.*

The opinion of the court was delivered by

PARKER, J.  The petitioner was injured by an accident
arising out of and in the course of his employment, and the
trial court found that in addition to temporary disability

there was also the following permanent injury—*first,* a fracture and dislocation of the right wrist resulting in an enlargement which interferes with the use of the wrist and hand (petitioner is right-handed and a painter by trade) ; *second,* a fracture of the small toe of the right foot which causes it to protrude in an unnatural manner and causes petitioner considerable annoyance; *third,* a fracture of the pelvic bone which has shortened one leg, makes petitioner permanently lame, gives him annoyance and occasional pain, and interferes somewhat with his ability to climb about in his work.

Notwithstanding these permanent injuries, the judge allowed recovery only for temporary disability, because he found that petitioner was able to resume his usual calling, and that, in fact, he had resumed it at no reduction in wages.

The refusal to award for permanent disability was erroneous. Upon the same theory as that adopted by the trial judge, if petitioner had suffered amputation of a finger, or a phalanx of one finger, but could earn and was earning the same wages as before the accident, his recovery would be limited to temporary disability to work. But the legislature has not so enacted the law. The trial judge did not have before him our decision in *De Zeng Standard Co.* v. *Pressey,* 86 *N. J. L.* 469, decided after the judgment herein, but the reasoning of that decision is applicable to this case. Effect must be given to the clause of the act which provides that "in all other cases, in this class (*c*), the compensation shall bear such relation to the amount stated in the schedule as the disabilities bear to those produced by the injuries claimed in the schedule." *Pamph. L.* 1911, *p.* 138, ¶ 11 (*c*). This was the statute in force at the time of the employment in 1912. The next year (*Pamph. L.* 1913, *p.* 304) it was amended to read, "In other cases in this class, or where the usefulness of a member or any physical function is permanently impaired, the compensation shall bear such relation," &c. For the purposes of the present case there is no substantial difference; for the class is class (*c*) and embraces every kind of physical "disability partial in character and permanent in quality" and for this "the compensation shall be based upon the extent of such disability."

The schedule includes only those cases in the class for which the legislature has thought fit to establish a fixed rate based on the precise injury. And the term "disability" is not restricted to such disability as impairs present earning power at the particular occupation, but embraces any loss of physical function which detracts from the former efficiency of the body or its members in the ordinary pursuits of life.

Let the judgment be reversed and the cause remanded with directions to make a proper award for permanent disability based on the extent thereof, with regard to the maximum and minimum clauses applicable.