No. 30,740.

MARY J. BALDWIN, *Appellant*, v. THE MANHATTAN OIL COMPANY and THE GENERAL ACCIDENT, FIRE AND LIFE INSURANCE CORPORATION, *Appellees*.

(14 P. 2d 655.)

Opinion filed October 8, 1932.

*William S. Steinrauf, Lester M. Goodell* and *Randal C. Harvey*, all of Topeka, for the appellant.

*W. A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair* and *W. A. Kahrs*, all of Wichita, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment in a workmen's compensation case wherein the trial court upheld a ruling of the compensation commissioner denying compensation to appellant for the death of her son who was accidentally electrocuted on August 7, 1928, while employed by the Manhattan Oil Company.

The deceased was an unmarried youth of nineteen years. In April before his death he was released from a year's incarceration in a state reformatory in Iowa. Following his release he lived for a time with his mother and stepfather in Topeka and helped them in the operation of a small restaurant by which the family earned their living. He successively had some employment around a hay baler, with a power company, and with a cleaning establishment. Shortly before his death the deceased entered the service of the Manhattan Oil Company and was so engaged at the time he was killed.

The appellant mother filed a claim for compensation. At the

ensuing hearing she adduced some evidence tending to show that her son had made various contributions to her support out of his earnings, both before and after his term of imprisonment in Iowa. The circumstances and the indefiniteness of the mother's testimony, as well as the defendants' evidence, tended to minimize and discredit the evidence adduced in the claimant's behalf.

On the examiner's report, which was adverse to the claimant, an award of compensation was denied, and the record was brought to the district court for review. That tribunal held that the evidence touching the amount of contributions by the deceased son to the claimant, "if they were contributions, was so meager that it would not support the mother's claim of dependency." In a communication to counsel for the litigants, which may be regarded as the trial court's informal conclusion of fact, since it interprets its judgment quite clearly, it was said:

"The testimony of the mother as to payments made by her son to her may not be competent evidence, but considering it as competent when the whole situation is considered it does not seem to me that a relation of partial dependency has been established. The compensation commission did not so consider it. The son perhaps did turn over to his mother some money, though the amount is very uncertain, but I do not feel that the relation between them was that of partial dependency as provided or contemplated by the statute."

Judgment was entered accordingly, and the appellant brings the cause here for review.

Our appellate jurisdiction in this class of cases is limited to questions of law only. (R. S. 1931 Supp. 44-556.) It does not extend to a consideration of evidence which might have supported an award if the compensation commissioner or the district court had seen fit to give it credence. (*Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 693, 284 Pac. 818.) Appellant has been at some pains and expense in her abstract and brief to reproduce the evidence, as if this court had power to substitute its judgment for that of the statutory triers of fact (compensation commission and district court), but it has been repeatedly held that we have no such power in compensation cases. (*Dinoni v. Vulcan Coal Co.*, 132 Kan. 810, 811, 297 Pac. 721; *Eckl v. Sinclair Refining Co.*, 133 Kan. 285, 299 Pac. 588.)

In *Shay v. Hill*, 133 Kan. 157, 299 Pac. 263, which was a compensation case, it was said:

". . . This court may not review the evidence as the district court did, . . . The function of this court is limited to determining if there was evi-

dence, whether opposed or not, warranting a reasonable inference, although a contrary inference might reasonably be drawn, to sustain the judgment of the district court." (Syl. ¶ 1.)

In *Harrigan v. Western Coal & Min. Co.*, 133 Kan. 573, 578, 300 Pac. 1115, another compensation case, it was said:

"As our jurisdiction is limited to a review of questions of law it is useless to debate questions of disputed fact in this court."

Counsel for appellant argue their cause as if the receipt of substantial contributions from the deceased to his mother was a well-established fact, and argue that the mother was sufficiently shown to have been partially dependent thereon. As we read the record, however, it is very far from clear that the fact of such contributions was established, or that the mother was partially dependent thereon; and it is rather clear, we think, that neither the commissioner nor the trial court gave credence to claimant's testimony to that effect. (*Trustees of Baker University v. Farrar*, 134 Kan. 722, 725, 726, 8 P. 2d 343.)

There is no appealable error in this case, and the judgment is necessarily affirmed.

HARVEY, J., not sitting.