No. 30,925.

James Smythe, *Appellant*, v. The Western Star Milling Company and Lumbermen's Mutual Casualty Company (Insurance Carrier), *Appellees.*

(15 P. 2d 419.)

Opinion filed November 5, 1932.

*James V. Humphrey* and *Arthur S. Humphrey,* both of Junction City, for the appellant.

*C. W. Burch, B. I. Litowich, La Rue Royce,* all of Salina, and *E. S. Humphrey,* of Kinsley, for the appellees.

The opinion of the court was delivered by

Dawson, J.: This is a workmen's compensation case. The questions here presented are whether the injury sustained by the workman is a scheduled or an unscheduled injury within the meaning of our workmen's compensation law; and, second, if it is a scheduled injury whether his compensation should be reduced because of his subsequent earnings.

The trial court found that the workman, James Smythe, while working for the Western Star Milling Company, on March 7, 1931, fell from a ladder upon a four-inch belt, from which he was thrown to the floor, a distance of several feet, and that from the fall he sustained injuries to his shoulder, right clavicle and right knee. The injury to his right clavicle and right knee cleared up before the end of March. The injury to the shoulder was "to the ulnar, median and radial nerves of his right arm, the radial nerve having

been impinged in some way at or about the armpit." The injury to the ulnar and median nerves has been repaired, but the damage to the radial nerve still exists, as evidenced by atrophy between the thumb and index finger. Claimant has a stiff elbow on his right side which was caused by a fall many years ago. "By reason of the immediate accident there was considerable loss of function of the claimant's right arm, and he has to a degree lost the use of his right arm and hand. His injury is a scheduled injury." Claim-ant was totally disabled to April 1, on which date he returned to his work, but was discharged May 1. "The court finds that claim-ant's disability since April 1, 1931, has been 50 per cent, that the injury is a scheduled one." The court allowed compensation for the loss of the use of the arm to April 1 and for the loss of the use of the arm for the remainder of 105 weeks, 50 per cent of the time fixed by the statute for the loss of an arm (R. S. 1931 Supp. 44-510 [3] [c] [12], [19]); the aggregate weekly payments due at the time of the hearing to be paid in a lump sum, thereafter the payments to be made weekly, with credit for the sum paid the workman for wages for the month of April, 1931.

The workman appeals and contends that under the evidence the court should have found the injury to be an unscheduled one. The appellee has a cross appeal on this point, contending that under the evidence the court should have found the injury to be a scheduled one to the hand instead of to the arm, as those terms are defined by the statute. (R. S. 1931 Supp. 44-510 [3] [c] [16].) We are impressed with the view that both parties are asking us to go back of the findings of the trial court and consider and weigh conflicting evidence and pass upon the credibility of witnesses. This, of course, we cannot do. (*Orendoc v. Kaw Steel Construction Co.,* 131 Kan. 366, 291 Pac. 952; *Shay v. Hill,* 133 Kan. 157, 299 Pac. 263.) We can examine the evidence to see if there is any sub-stantial evidence to support the findings of the court. That is as far as we can go in that direction. We have examined the evidence, find it to be conflicting, and find in it substantial evidence to support the findings of the trial court that the injury is a scheduled injury to the arm. It would serve no useful purpose to set out this con-flicting evidence here.

Appellant contends that the court erred in giving his employer credit on the sum found due for compensation for the amount of

the wages paid him for the month of April. The point is well taken. That money was paid for services, not for compensation. The amount of compensation fixed by statute for scheduled injuries is not to be reduced by earnings of the workman subsequent to the injury.

The judgment of the court below will be modified by striking out the credit to defendant on compensation for wages paid the workman for the month of April, 1931, and as so modified it is affirmed.

BURCH, J., not sitting.