No. 30,635.

FRANK S. DAVIS, *Appellant,* v. THE PHILLIPS PETROLEUM COMPANY,
*Appellee.*

(19 P. 2d 733.)

Opinion filed March 11, 1933.

*Benjamin F. Endres* and *Keefe O'Keefe,* both of Leavenworth, for the
appellant.

*E. S. McAnany, M. L. Alden, Thomas M. Van Cleave,* all of Kansas City,
*Blatchford Downing, Henry L. McCune* and *R. B. Caldwell,* all of Kansas
City, Mo., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment reducing an
award of compensation allowed to Frank S. Davis by the compen-
sation commission.

The facts, in brief, were these: On August 16, 1929, Davis was
the managing agent in charge of defendant's tank station in Leaven-
worth. While climbing a ladder to measure the contents of a tank,
he fell and sustained injuries which totally incapacitated him for
some time. His wages were $150 per month. One week after the
accident, on August 23, 1929, defendant commenced to pay him the
statutory maximum compensation of $18 per week, without the
formality of an application and award.

While these payments were being made, and altogether without
intimation of their discontinuance, Davis filed an application for
compensation. An examiner for the commission conducted a hear-
ing on April 15, 1930, and on the evidence and stipulations adduced
he found that in the accident of August 16, 1929, the claimant had

sustained a fracture of the fifth cervical vertebra, and that he was still disabled as a result of the accident and could not perform manual labor, and that he "will be totally disabled for an indefinite period." An award of $18 per week was recommended for the period of temporary total disability, not to exceed 415 weeks; and—

"Since the stipulations show that the claimant has been paid compensation to date no compensation is due and owing at this time."

On June 4, 1930, the commission approved the examiner's findings and this award was granted.

About three months later, on September 15, 1930, respondent filed its application to reopen the case, alleging that claimant had recovered from the effects of the injury he had sustained in respondent's service.

On December 12, 1930, this application came on for hearing. Evidence was received, which centered mainly about the alleged continuance of some disabling condition in the cervical region of claimant's back. One doctor testified that claimant was suffering from a certain "tenderness along his spine," that his deduction therefrom was that "Mr. Davis is suffering from a real injury . . . it is not permanent, but . . . it will take a good long time for him to recover. . . . Mr. Davis is not physically able to perform any labor at this time. I don't believe he has improved that much (50 per cent), not more than 25 per cent."

"Q. What does your observation and examination disclose that indicates to you he is suffering now, and is incapacitated now? A. Well, his subjective symptoms. He has this pain, and the examination, pressure over these points where he has pain; we have to use a little common sense, in addition to our scientific knowledge of these things, and I hardly believe the man would try to get along on $18 a week when he is competent to earn more money. That ought to enter into my opinion and it does."

Another doctor who had cared for claimant described the injury and the method of treatment used, narrated the progress claimant had made towards recovery, and that he had directed claimant in the use of a brace for some time after his discharge from the hospital. He further testified:

"The last time I examined Mr. Davis was November 28, 1930. . . . It was my opinion at that time there was no disability present. In my opinion this man is not incapacitated from doing manual labor at this time."

Another doctor, at the first hearing before the examiner, nine months previously, testified:

"A. At the present time (April 15, 1930) he should return to light work, but not heavy work.

"Q. That is partly for the purpose of regaining his strength which was lost in the course of his being in the hospital for treatment? A. Principally, and also for going about light duty, he will limber up his neck."

Rather curiously, claimant himself gave no testimony that he was unable to work. He testified that he still felt pain but was somewhat uncertain as to its whereabouts. He also testified that he had driven his automobile to Pittsburg, Blue Rapids and elsewhere; that the work he had been doing when injured was supervision and management of filling stations, not manual work, work which did not require lifting but a lot of running around, a lot of driving—long trips. He further testified:

"Q. To what companies, if any, have you applied for work since April of this year? A. I don't have to answer that, do I, judge?

"The Commissioner: Yes, go ahead.

"Mr. Davis: I would rather not answer.

"The Commissioner: Where you have applied for work? It will be required of you.

"A. I applied to the Barnsdall, the Sinclair people and the Porter Oil Company.

. . . . . . . . . . . . .

"Q. What kind of work is it you have in mind doing when you take this job? A. About the same kind of work I did have, something like a salesman—something like that.

. . . . . . . . . . . . .

"Q. Why would you be applying in three different companies if you complained that you weren't able to work for any of them? A. If you want to shoot elephants, you don't want to be shooting squirrels.

. . . . . . . . . . . . .

"Q. Have you had any medical attention, or consulted any doctors for treatment since the treatments you got over at Dr. Dickinson's office last spring?

. . . . . . . . . . . . .

"A. No, sir."

In his findings and recommendations the examiner stated his perplexity at this divergence of expert opinion, saying—

"From this evidence it is impossible for your examiner to say definitely which of these doctors is correct. . . . In keeping with the policy of the administration of this act the doubt must be resolved in claimant's favor—that is, that there is muscle spasm in that region. . . . With this in mind it necessarily follows that a finding must be made that claimant's disability has continued until the present time and will continue indefinitely into the future. The findings at this time being the same as the findings in the previous hearing, the original award herein will not be disturbed."

The compensation commission approved these findings, and on January 16, 1931, it ordered that claimant's weekly compensation of $18 for total incapacity be continued.

The employer appealed to the district court where the cause was reviewed on the record. The court found—

"That the claimant, Frank S. Davis, has partially recovered from the temporary total disability heretofore found by the commissioner as set out in his award dated June 4, 1930, and that said claimant is still temporarily partially disabled to the extent that said claimant is entitled to compensation at the rate of $9 per week for the unexpired portion of the original period of 415 weeks remaining after this date, subject to section 28 of the workmen's compensation act of the state of Kansas."

Judgment was entered accordingly on November 6, 1931, and eight days later claimant filed notice of appeal. Almost a year afterwards respondent served notice of a cross appeal.

Noting first the matters to which claimant directs our attention, it is contended that the trial court was not justified under the evidence in finding that claimant had partially recovered from his temporary total disability. As to that point this court has nothing to do except to determine as a question of law whether the record contained any substantial evidence on which the trial court's finding could be predicated. (*Fair v. Golden Rule Refining Co.,* 134 Kan. 623, 7 P. 2d 70; *Baldwin v. Manhattan Oil Co.,* 136 Kan. 238, 14 P. 2d 655; *Smyth v. Western Star Milling Co.,* 136 Kan. 416, 15 P. 2d 419, syl. ¶ 1.) In conformity with this restricted scope of appellate review, we have read the evidence, part of which has been quoted and referred to above; and we must hold that the error predicated on the want of evidence to justify the trial court's finding is not sustained.

Claimant propounds another question for review:

"May a court diminish an award of compensation by merely finding that claimant has partially recovered from a temporary total disability without specifically finding the per cent, degree or extent of such partial recovery?"

The trial court in effect did indicate the extent of claimant's recovery by cutting the amount of weekly compensation in half. That ruling was fairly indicative of the trial court's view of the extent of claimant's recovery. If claimant was dissatisfied because of any supposed indefiniteness in that finding it should have asked the court to make it more definite. Claimant cannot expect this court to find

reversible error on a point not fairly urged upon the trial court itself for correction. (*Sproul v. Russell,* 135 Kan. 620, 11 P. 2d. 978, syl. ¶2.) Furthermore, the statute expressly says that the trial court may increase or diminish any award as justice may require. (R. S. 1931 Supp. 44-556.)

Appellant contends that the proper measure of award would have been to make a computation of 60 per cent of his average weekly wages before the accident and the average weekly wages he was physically able to earn during the period of temporary partial incapacity. (R. S. 1931 Supp. 44-510.) But where evidence on which to base that computation is wanting the statute says the claimant shall be entitled to not less than $6 per week. We cannot see that the trial court's award of $9 per week furnishes claimant any just ground for complaint, however respondent may feel about it.

And this conclusion brings us to the cross appeal. Respondent complains because the trial court did not make a finding that the claimant had fully recovered and that the weekly compensation should cease. But this matter cannot now be considered. The statute requires all appeals from final orders by the trial court in compensation cases to be taken and perfected within twenty days. (R. S. 1931 Supp. 44-556.) The trial court made its final order on November 6, 1931. This cross appeal was not taken until November 1, 1932, which was altogether too late; consequently this court has no jurisdiction to consider it.

It follows that the judgment on claimant's appeal should be affirmed, and the cross appeal must be dismissed.

It is so ordered.